**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LEROY E. RAYNOR,           ) | CASE NO. 4:08-cv-1688 |
| )  | |
| Petitioner,        ) | JUDGE JAMES S. GWIN |
| ) | |
| v.            ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| JOHN SHARTLE, Warden    ) | |
| ) | |
| Respondent.      ) | **REPORT AND RECOMMENDATION** |
| ) | |

Petitioner, Leroy E. Raynor ("Raynor"), challenges the Bureau of Prisons' ("BOP") Instant Offense Determination that he would be ineligible for early release or sentence reduction in the event he successfully completes a drug abuse treatment program under 18 U.S.C. § 3621(e).  (Doc. No. 1.)  Raynor, *pro se*, filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 14, 2008 with the United States District Court for the Northern District of Ohio.  On October 10, 2008, Warden John Shartle ("Respondent") filed a motion seeking dismissal of this case pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, to grant summary judgment in Respondent's favor.  (Doc. No. 9.)  Raynor filed a Traverse on November 14, 2008.  (Doc. No. 10.)  This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.  For reasons set forth in detail below, it is recommended that Raynor's petition be DISMISSED without prejudice as unexhausted.

### I. Procedural History

**A.  Conviction**

Raynor was convicted in the United States District Court in the Northern District of Oklahoma of one count of cocaine possession with intent to distribute along with aiding and abetting in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B)(ii) and 18 U.S.C. § 2 and one count of firearm possession in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (Doc. No. 9, Exh. 2a.)  Raynor was sentenced to a fifty-seven (57) month term of imprisonment for the first conviction and sixty month term of imprisonment for the second conviction.  *Id*.  The sentences were ordered to be served consecutively for an aggregate prison term of 117 months.  *Id*.

Currently, Raynor is incarcerated at the Federal Correctional Institute in Elkton, Ohio.

**B.  Early Release Eligibility Determination**

Raynor asserts that he is eligible for early release pursuant to 18 U.S.C. § 3621(e)(2)(B) (hereinafter "§ 3621(e)") which permits up to a one-year reduction in sentence for prisoners who have successfully completed the Residential Drug Abuse Treatment Program ("RDAP").  (Doc. No. 1.)  On March 12, 2008, the BOP made an initial determination that Raynor was not eligible for a sentence reduction under § 3621(e).  (Doc. No. 9, Exh. 2b.)  On March 25, 2008, Raynor was placed on the RDAP waiting list.  (Doc. No. 9, Exh. 1b.)

**C.  Federal Habeas Petition**

On July 14, 2008, Raynor filed a Petition for a Writ of Habeas Corpus.  His grounds for relief are *summarized* as follows:

> GROUND ONE: The BOP's policy of excluding prisoners with convictions involving the carrying or possession of a firearm from eligibility for a sentence

>reduction under the RDAP is arbitrary, capricious, and violates the Administrative Procedures Act ("APA").
>
>GROUND TWO: The BOP's implementation of its policy is not uniform nationally and thereby violates both the Equal Protection Clause of the United States Constitution and the APA.

(Doc. No. 1.)

### III. Jurisdiction and Administrative Exhaustion

Respondent concedes that a prisoner may properly challenge the execution of a term of imprisonment or the conditions of confinement pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) ("[A] petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself."); *accord Woody v. Marberry*, 178 Fed. Appx. 468, 471 (6th Cir. 2006). Where a petitioner's custodian is located within the Northern District of Ohio, "this Court has personal and subject matter jurisdiction over his challenge to the BOP's determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B)." *Smith v. Shartle*, 2008 U.S. Dist. LEXIS 86889 (N.D. Ohio Oct. 28, 2008) (*citing Perez v. Hemingway*, 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001)).

Nevertheless, Respondent avers that Raynor may not challenge the BOP's decision denying his eligibility, as he has not exhausted all available administrative remedies. (Doc. No. 9 at 3.) *See Little v. Hopkins*, 638 F.2d 953 (6th Cir. 1981). Raynor admits that he has not properly exhausted his administrative remedies prior to filing his petition, but argues that the exhaustion requirement should be excused, because he "can show both cause and prejudice, as well as futility." (Doc. No. 1 at 4.) In fact, not only has Raynor not exhausted his administrative remedies, it appears that he did not initiate any administrative process at all. (Doc. No. 9, Exh.

-3-

1.) His assertion that he was in the process of being transferred between institutions does not serve as cause justifying his failure to exhaust his remedies. Raynor also asserts that exhaustion would be futile as the BOP has previously taken a stance on the issue and declined to apply the holding of *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008) to prisoners outside the Ninth Circuit.[1] "[A]n administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it." *McCarthy v. Madigan*, 503 U.S. 140 (1992), *overruled by statute as stated in Lavista v. Beeler*, 195 F.3d 254, 257 (6th Cir. 1999). While it appears that the BOP's current policy will likely result in a negative outcome for Raynor, this probability does not meet his burden of establishing extraordinary circumstances to excuse exhaustion. At least one other court has reached the same conclusion. In *Gregson v. Middlebrooks*, the District Court for Northern Florida explained as follows:

> In this case, petitioner admits that he has not properly exhausted his administrative remedies prior to filing suit ..., and his case is subject to dismissal on that ground. He argues in his response that he should be excused from the exhaustion requirement because exhaustion would be futile as the administrative body is biased or has otherwise predetermined the issue before it. *Citing* McCarthy v. Madigan, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The court does not find this argument to be well-taken under the circumstances in the case at bar; the fact that a favorable administrative remedy outcome is unlikely does not meet petitioner's burden of establishing extraordinary circumstances justifying waiver. *See e.g., Irwin v. Hawk*, 40 F.3d 347, 349 (11th Cir. 1994); *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial is the likeliest outcome, but that is not sufficient reason for waiting the requirement of exhaustion. Lightning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits of the claim."); *Portela-Gonzalez v.*

---

[1] In *Arrington*, the Ninth Circuit found the BOP rule, which excludes those convicted of offenses involving the carrying, possession, or use of a firearm, to be arbitrary and capricious under 5 U.S.C. § 706(2)(A), because the BOP failed to articulate a rational basis for its decision to foreclose early release eligibility under § 3621(e) to prisoners convicted of firearm possession. 516 F.3d at 1113

> *Secretary of the Navy*, 109 F.3d 74, 78 (1st Cir. 1997) ("A pessimistic prediction or a hunch that further administrative proceedings will prove unproductive is not enough to sidetrack the exhaustion rule.") The respondent notes that the administrative remedy process allows the Bureau to review its regulations and program statements after a contrary judicial determination, such as *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008). And, as stated by the respondent, "[w]hile the Bureau currently elects to apply the Ninth Circuit case law to only Ninth Circuit inmates, it certainly could consider additional changes through an inmate's use of the administrative remedy process." In light of the relative newness of the Arrington decision, the court does not find waiver of the administrative exhaustion requirement to be proper.

2008 U.S. Dist. LEXIS 61193 (N.D. Fla. Aug. 11, 2008); *see also Holmes v. Eichenlaub*, 2007 U.S. Dist. LEXIS 84045 ( E.D. Mich. Nov. 13, 2007) (exhaustion is not futile where there is a possibility that "the BOP will reconsider its current policy.")

The rationale of the *Gregson* decision is persuasive. The mere likelihood that Raynor's administrative remedies will result in an unfavorable result for him does not render exhaustion futile. In a prior decision of this Court addressing the early release provisions of § 3621(e), the exhaustion requirement was waived as futile for a petitioner who had failed to pursue his administrative remedies with respect to a newly implemented regulation. *See Boucher v. Lamanna*, 90 F. Supp.2d 883 (N.D. Ohio 2000) (Gwin, J.) However, *Boucher* is distinguishable from the case at bar. Therein, the petitioner had already exhausted his administrative remedies challenging the BOP's previous regulation that also denied him early release eligibility. *Id*. at 885. Moreover, the petitioner in *Boucher* apparently had already completed the drug abuse program, as he was eligible for immediate release.[2] *Id*. at 887. Further, this Court has also noted

---

[2] Although neither party explicitly addresses the issue, the record does not demonstrate that Raynor has successfully completed the RDAP program or that he is currently enrolled in it. The record only indicates that, on March 25, 2008, Raynor was placed on the RDAP waiting list. (Doc. No. 9, Exh. 1b.)

that one of the justifications for the exhaustion requirement is the development of a record to help a court make an informed decision. *See, e.g., Jackson v. Fed. Bureau of Prisons*, 2007 U.S. Dist. LEXIS 55448 at *7 (N.D. Ohio July 31, 2007) (Oliver, J.) The absence of a record is a especially glaring given the newness of the *Arrington* decision and the lack of a firmly entrenched policy that has been consistently implemented and defended. As such, it is recommended that Raynor's petition be dismissed without prejudice as unexhausted.

### IV. Conclusion

For the foregoing reasons, it is recommended that Raynor's petition be DISMISSED without prejudice as unexhausted

/s/ *Greg White*
U.S. Magistrate Judge

Date: January 5, 2009

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**