UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

LEROY E. RAYNOR, : CASE NO. 4:08-CV-1688
:
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1, 9]
JOHN SHARTLE, Warden :
:
Respondent. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On July 14, 2008, Petitioner Leroy E. Raynor filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1.] On October 10, 2008, Respondent Warden John Shartle filed a motion to dismiss or, in the alternative, to grant summary judgment in the Respondent's favor. [Doc. 9.] Petitioner Raynor filed a Traverse on November 14, 2008. [Doc. 10.] This Court referred the case to Magistrate Judge Greg White under Local Rule 72.2 and on January 5, 2009, Magistrate Judge White filed a Report and Recommendation. [Docs. 6, 11.] With that Report and Recommendation, the Magistrate Judge recommends that this Court dismiss Raynor's petition without prejudice as unexhausted. The Petitioner objects to the Magistrate Judge's recommendation. [Doc. 12.] For the reasons provided below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** Raynor's petition.

I. Background

In 2003, Petitioner Raynor pled guilty to charges of possession of cocaine with intent to

Case No. 4:08-CV-1688
Gwin, J.

distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii); aiding and abetting in violation of 18 U.S.C. § 2; and firearm possession in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I). [Doc. 9, Ex. 2a.] Raynor was sentenced to 117 months in prison and four years of supervised release and assigned to F.C.I. Ray Brook, New York. [Id., Doc. 9, Ex. 1a.] On March 12, 2008, the Bureau of Prisons ("Bureau"), applying Program Statement 5162.04, determined that Raynor was not eligible for a reduction in his sentence under 18 U.S.C. § 3621(e) because he had committed a felony that involved the carrying, possession, or use of a firearm. [Doc. 9, Ex. 2b, Doc. 9, Ex. 1d at 10.] Raynor was thereafter transferred to F.C.I. Elkton, Ohio, and filed a habeas corpus petition on July 14, 2008, that challenges the Bureau's determination. [Doc. 9, Ex. 1a, Doc. 1.]

## II. The Instant Motion

With his petition, Raynor seeks either an order that the Bureau must re-consider him for early release eligibility or must reduce his sentence. [Doc. 1 at 1.] Raynor claims that he is eligible for early release pursuant to 18 U.S.C. § 3621(e) and makes two arguments for relief: the Bureau's policy of excluding prisoners convicted of offenses involving the carrying, possession, or use of a firearm from early release eligibility is arbitrary and capricious in violation of Section 706(2)(A) of the Administrative Procedure Act ("APA"), and the Bureau violates the APA and the Equal Protection Clause of the United States Constitution by not applying its policy uniformly across the nation. [Doc. 1 at 6-12.]

Respondent Shartle does not address the merits of Raynor's claim, but rather says the petition cannot be granted because Raynor has failed to exhaust his administrative remedies. [Doc. 9 at 1.] With regard to exhaustion, Raynor argues that he does not need to exhaust his administrative

Case No. 4:08-CV-1688
Gwin, J.

remedies because he can show both cause and prejudice and because pursuing the available administrative remedies would be futile. [Doc. 1 at 4.] Raynor says his failure to exhaust his administrative remedies was caused by his transfer to F.C.I. Elkton. He claims he was already designated to F.C.I. Elkton and awaiting transit when he learned of the Ninth Circuit's holding in *Arrington v. Daniels*[1]/ and did not think it would be prudent to file anything until he was transferred. [Id. at 4.] Raynor claims he would be prejudiced if required to exhaust his administrative remedies because the process would take several months and given the limited time remaining on his sentence, he would likely not benefit from the full one-year reduction available under § 3621(e). [Id. at 5.] Raynor also argues that completing the administrative appeal process would be futile because the Bureau has made its position clear by posting a memo stating that it will apply the decision of *Arrington* only to prisoners held in facilities within the Ninth Circuit. [Id., citing Doc. 1, Ex. 1 at 1.]

Respondent Shartle contends that Raynor had time to complete part of the appeals process while at F.C.I. Ray Brook and could have continued the process after transfer without jurisdictional problems. [Doc. 9 at 6.] Shartle also says the cases cited by Raynor are inapposite because Raynor has not sought an administrative remedy and therefore there is no administrative response for the court to review. [Doc. 9 at 7, (distinguishing *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924 (9th Cir. 1993)).] Further, Shartle asserts that futility cannot be established unless the petitioner has availed himself of the administrative process in part. [Doc. 9 at 7 (citing *Jackson v. Fed. Bureau of Prisons*, 2007 WL 2231036 (N.D. Ohio July 3, 2007)).]

Petitioner Raynor additionally claims, in his Objection to the Magistrate Judge's Report and

---

[1]/*Arrington v. Daniels* held that the Bureau violated Section 706(2)(A) of the Administrative Procedure Act when it categorically excluded prisoners convicted of a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives in its policy implementing 18 U.S.C. § 3621(e)(2)(B). 516 F.3d 1106 (9th Cir. 2008).

-3-

Case No. 4:08-CV-1688
Gwin, J.

Recommendation, that the 20-day period for appeal under 28 CFR § 542.14(a) elapsed while he was in transit and therefore he has no administrative remedy available through no fault of his own. [Doc. 12 at 1-2.]

### III. Legal Standard

*A. Jurisdiction*

A petition for a writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the Bureau's determination of ineligibility for sentence reduction under 18 U.S.C. § 3621(e)(2)(B) where the petitioner challenges the Bureau's interpretation of the statute. *Boucher v. LaManna*, 90 F.Supp.2d 883, 886 (N.D. Ohio 2000); *Smith v. Shartle*, 2008 WL 4758698 (N.D. Ohio Oct. 28, 2008); *see also Chevron U.S.A., Inc. v. Nat'l Resources Defense Council*, 467 U.S. 837, 843 n.9 (1984) ("The judiciary is the final authority on issues of statutory construction.").

*B. Exhaustion of Remedies*

While this Court has jurisdiction to hear a petition for habeas corpus relief under 28 U.S.C. § 2241, federal prisoners must exhaust administrative remedies before filing for relief under § 2241. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-32 (6th Cir. 2006). The exhaustion requirement benefits both the administrative agency and the judicial system. First, it allows administrative agencies to correct mistakes internally and prevents circumvention of administrative procedure. Second, it benefits the courts by resolving claims in a more efficient manner outside the judicial system and creating a factual record where cases do proceed to court.

Case No. 4:08-CV-1688
Gwin, J.

*Id.* at 232 (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)).

If a prisoner is unable to obtain an administrative remedy because of his failure to appeal in a timely manner, then the petitioner has procedurally defaulted his habeas corpus claim. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3rd Cir. 1996); *Engle v. United States*, 26 Fed.Appx. 394, 396 (6th Cir. 2001). In the case of such a procedural default, the petitioner must show cause and prejudice for the failure in order to bring the claim in court. *Engle*, 26 Fed.Appx. at 396. Generally, cause may be established by official interference with a prisoner's ability to complete the administrative process. *Id.*

A court may excuse exhaustion of administrative remedies where such action would be futile because the agency has predetermined the issue before it. *Boucher v. LaManna*, 90 F.Supp.2d 883, 886-87 (N.D. Ohio 2000). In *Boucher v. LaManna*, this Court excused exhaustion after balancing the benefits of exhaustion against the burden to the particular inmate. *Id.* The petitioner had already completed the appeal process seeking early release under § 3621(e) under a previous version of the Program Statement. The Court held that repeating the process would create an identical outcome as the new Program Statement was substantively the same as the previous and the petitioner's factual circumstances were unchanged. *Id.* The Court additionally cited the mandatory nature of the Program Statement. These elements of futility were amplified by the fact that the petitioner would have been eligible for early release six months previous if the new Program Statement was invalid. Further, the Bureau had repeatedly defended its policy in courtrooms and therefore would not benefit from the opportunity to correct its errors. *Id.* *Boucher* noted that exceptions to the exhaustion requirement are extremely narrow but found an exception appropriate in that specific circumstance. *Id.* at 888.

-5-

Case No. 4:08-CV-1688
Gwin, J.

## IV. Analysis

Petitioner Raynor may have procedurally defaulted his claim by not appealing the notification within 20 days as required by 28 CFR § 542.14(a). Raynor claims he was transferred shortly after receiving notification of his ineligibility for sentence reduction. Respondent Shartle responds that Raynor had considerable time to appeal before his transfer. In either case, Raynor has not shown cause for his default. Section 542.14(b) allows an extension of the appeal deadline if an inmate has valid reason for delay, including, for example, an extended period in-transit. Thus, Raynor either had sufficient time to appeal the decision before his transfer or he would qualify for an extension after his transfer. His transfer cannot serve as cause for procedurally defaulting his claim.

If Raynor still has an administrative remedy available because he qualified for an extension due to his transfer, futility does not excuse his failure to exhaust available remedies. The Bureau's Program Statement does state a clear policy that would exclude the Petitioner from sentence reduction as in *Boucher*. The posted notice cited by Raynor additionally expresses an unwillingness to apply *Arrington* outside the Ninth Circuit. It seems unlikely that Raynor will prevail through appeal, but that does not excuse exhaustion in this circumstance.

The Court agrees with the District Court for Northern Florida that after *Arrington*, the Bureau may be willing to reconsider its position during the appeal process and should be afforded the opportunity do so. *Gregson v. Middlebrooks*, 2008 WL 3471745 at *2 (N.D. Fla. Aug. 11, 2008). The purposes of exhaustion cited in *Woodford v. Ngo* weigh in favor of requiring the petitioner to first seek an administrative remedy. Before this Court judges the Bureau's policy, the Bureau should be able to consider changing its policy. The Court also benefits with a full record regarding the Bureau's decision process. The Bureau has expressed a clear policy and an unwillingness to change,

-6-

Case No. 4:08-CV-1688
Gwin, J.

but in light of the recent Ninth Circuit decision in *Arrington*, the benefit of exhaustion to both the administrative and judicial processes outweighs elements of futility.

V. Conclusion

For the reasons detailed above, the Court **DISMISSES** Raynor's petition without prejudice as unexhausted.

IT IS SO ORDERED.


Dated: June 15, 2009                           s/        *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE